**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROWANA K. RIGGS,

        Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant - Appellee.

No. 04-3165
(D.C. No. 03-CV-4111-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **ANDERSON** , and **BRORBY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Rowana K. Riggs appeals from the district court's affirmance of defendant Social Security Commissioner's denial of disability

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

insurance benefits and supplemental security income (SSI) benefits.  On appeal,

Ms. Riggs continues to argue, as she did in the district court, that the ALJ (1) did

not follow legal standards; (2) did not properly consider her reaching restrictions

with her upper extremities; and (3) did not adequately consider

Dr. Summerhouse's walking restrictions.  She also argues that (4) no one would

hire her due to her many medical problems and restrictions and (5) the district

court failed to consider the entire record when deciding her appeal.  We review

the ALJ's decision only to determine whether the correct legal standards were

applied and whether the ALJ's factual findings are supported by substantial

evidence.  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Reviewing

pursuant to these standards, we affirm.

At all times Ms. Riggs has proceeded pro se.  She alleges disability since

May 9, 2000, due to bilateral carpel tunnel syndrome.  The Administrative Law

Judge (ALJ) found that with this impairment Ms. Riggs

> has a residual functional capacity for a range of sedentary activities
> with lifting or carrying 10 pounds with no overhead work, no
> climbing ladders, no vibration tools, no repetitive grasping and the
> need to avoid frequent flexion, twisting, torquing, extension,
> pushing, pulling and repetitive or extended periods of use of the
> upper extremities.

R., Vol. 2 at 22;  *see also id.*  at 20.  Although the ALJ decided Ms. Riggs could

not perform her past relevant work, the ALJ decided she could perform a

significant range of sedentary work.  Specifically, based on testimony of a

vocational expert, the ALJ found that Ms. Riggs could perform a significant number of jobs in the national economy including telephone solicitor, telephone answering operator, motor assignment clerk or credit card clerk. Based on these findings, the ALJ concluded Ms. Riggs was not disabled and was not entitled to disability insurance or SSI benefits.

Because the Appeals Council found no basis for review, the ALJ's decision became the final decision of the Commissioner. Ms. Riggs appealed to the district court. In a thorough and well-reasoned decision, that court upheld the Commissioner's decision.

Ms. Riggs' first three arguments on appeal, which were presented to the district court, are that the ALJ (1) did not follow legal standards; (2) did not properly consider her reaching restrictions with her upper extremities; and (3) did not adequately consider Dr. Summerhouse's walking restrictions. After reviewing the record on appeal, we conclude, for substantially the same reasons stated by the district court in its Memorandum and Order of March 8, 2004, that the ALJ applied the correct legal standards, the ALJ properly considered her reaching restrictions and walking restrictions and substantial evidence supported the ALJ's decision. R., Vol. 1, Doc. 19.

Next, Ms. Riggs argues that because she has many medical restrictions and problems, no one would hire her. As indicated above, the record supports the

ALJ's conclusion that Ms. Riggs is not disabled. The Commissioner need not also prove that she actually would be hired for a job. *See* 42 U.S.C. § 423(d)(2)(A) (claimant is not disabled if she can "engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether . . . a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work").

Lastly, Ms. Riggs argues that the district court did not consider the entire administrative record before making a decision. This argument is conclusory; Ms. Riggs does not indicate what evidence the district court failed to consider. In any event, upon our review of the record, it is clear to us that the district court did consider the entire record.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge

-4-